SKC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Eugene H. Williams,

    Petitioner,

v.

Susan McClintock, et al.,

    Respondents.

No.  CV 14-2285-TUC-RM (JR)

**ORDER**

  Petitioner Eugene H. Williams, who is confined in the Federal Correctional Institute-Safford in Safford, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and has paid the $5.00 filing fee.

**I.  Background**

  Petitioner was convicted following a jury trial in the United States District Court for the Southern District of Texas of six counts of firearms offenses under various sections of 26 U.S.C. § 5801, *et seq*, case #CR-H-06-237-02-S.  All counts stemmed from Petitioner's handling of "Noise Flash Diversionary Devises" ("NFDDs"), also known as "flash bangs" or "stun grenades."  Petitioner was sentenced on April 20, 2007 to a 120-month term of imprisonment.  Petitioner appealed his conviction on the grounds that the statute under which he was convicted was unconstitutionally vague.  The United States Court of Appeals for the Fifth Circuit affirmed Petitioner's conviction and sentence on December 18, 2008.  On February 26, 2010, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging ineffective

assistance of counsel because his appellate counsel failed to present what Petitioner believed to be the strongest ground for reversal (a ground not raised in the current Petition).  The Southern District of Texas dismissed Petitioner's § 2255 motion with prejudice on July 1, 2010, and the Fifth Circuit Court of Appeals denied Petitioner's application for certificate of appealability on February 10, 2011.

## I.    Petition

In his § 2241 Petition, Petitioner names Susan McClintock as Respondent. Petitioner raises two grounds for relief.  In Ground One, Petitioner claims actual innocence of the crimes for which he was convicted.  He alleges that although the government presented evidence at trial that the NFDDs in his possession were "explosive devices," it failed to present any evidence showing that they were "designed or redesigned" for use as a weapon, and, he alleges, this is a necessary element of those crimes.  He further contends that the NFDDs were not designed or redesigned for use as a weapon and that he is accordingly actually innocent. In Ground Two, Petitioner alleges ineffective assistance of counsel because both Petitioner's trial and appellate counsel "completely failed to object to the Government's failure to prove the element."

## II.   Law

Generally, a motion to vacate sentence under 28 U.S.C. § 2255 is the appropriate way to challenge a federally-imposed conviction or sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  A § 2241 petition for writ of habeas corpus is not a substitute for a motion under § 2255.  *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

A court will not consider a § 2241 petition by a prisoner "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is

- 2 -

inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).  This exception is sometimes referred to as the "savings clause" or "escape hatch."  *See Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).

The savings clause under § 2255(e) is narrow.  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (citing *Pirro*, 104 F.3d at 299).  A § 2255 remedy *is not* inadequate or ineffective to test the legality of a petitioner's detention merely because the statute of limitations bars the petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents the petitioner from filing a second or successive petition.  *See id.*; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999); *Tripati*, 843 F.2d at 1162. Rather, a § 2255 remedy is only inadequate or ineffective to test the legality of a petitioner's detention when the petitioner claims (1) to be factually innocent of the crime for which he has been convicted, and (2) to have never had an "unobstructed procedural shot at presenting that claim."  *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)); *see also Alaimalo*, 645 F.3d at 1047 ("A petitioner is actually innocent when he was convicted for conduct not prohibited by law.").

The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of a remedy under § 2255 rests with the petitioner.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Charles*, 180 F.3d at 756; *McGhee*, 604 F.2d at 10; *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963); *see also Santivanez v. Warden FCC Coleman-USP II*, 416 Fed. Appx. 833, 835 (11th Cir. 2011).  Still, "[c]ourts have a duty to construe pro se pleadings liberally." *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

In the Ninth Circuit, a § 2241 petitioner asserting "a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the

Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623 (1998)." *Stephens*, 464 F.3d at 898.  In *Bousley*, the Supreme Court held that "'[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'"  *Id.* (quoting *Bousley*, 523 U.S. at 523).

To assess whether a petitioner had an unobstructed procedural shot to pursue his claim, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-61).  "In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise it by motion." *Ivy*, 328 F.3d at 1060.  Unless Petitioner meets these criteria, he must seek relief under § 2255 in the sentencing court or seek certification to file a successive § 2255 motion, rather than in a § 2241 Petition.

**III.   Petitioner's Actual Innocence Claim**

As a preliminary matter, Petitioner is mistaken regarding the effect of the absence of any evidence about the design intention of NFDDs during his trial.  As Petitioner states in his Petition, "[t]he legislative history of the National Firearms Act, 26 U.S.C. §§5801 et seq., specifically states that the exception of 'designed or redesigned as a weapon' is an affirmative defense.  *See* Senate Judiciary Committee Report, S.Rep.No. 1501, 90th Cong., 2d Sess. 47[, 558] (1968)."  (Doc. 1 at 8.)  In line with the current understanding of which party bears the burden of proof of elements of an affirmative defense, the Senate Judiciary Committee Report goes on to state that "[t]he government is not required to allege or prove that exception is inapplicable."  *Id.*; *see also, e.g.*, *United States v. La Cock*, 366 F.3d 883, 889 (10th Cir. 2004) (citing *United States v. Oba*, 448 F.2d 892, 894 (9th Cir. 1971)) ("Along with several other circuits, we have previously held that the determination as to whether a device was 'designed [or] redesigned for use as a weapon" is an *affirmative defense*, not an element of the crime that must be alleged in the

indictment." (emphasis in original)).   Accordingly, Petitioner's claim of constitutional error based upon the government's failure to prove a necessary element of the charge does not withstand scrutiny.

This does not, however, entirely eliminate Petitioner's actual innocence claim. The Ninth Circuit has previously held that the satisfaction of an affirmative defense can serve as a valid argument for actual innocence.  In *Smith v. Baldwin*, the court considered whether a petitioner's claim that his conviction was a miscarriage of justice because he was actually innocent was sufficient to overcome his procedural default.  510 F.3d 1127, 1139-41 (9th Cir. 2007).   The Court held that to make a successful claim that his innocence should overcome his default, petitioner must prove that "it is more likely than not that no reasonable juror would have found that he failed to establish *any* of the . . . elements of the affirmative defense by a preponderance of evidence." *Id.* (citing *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003); *Griffin v. Johnson*, 350 F.3d 956, 963-64 (9th Cir. 2003)).   Here, at this screening stage, this Court must consider whether Petitioner has alleged facts that would support such a finding.   Petitioner contends that NFDDs are "light/sound **diversionary device[s]** (not destructive device[s]) designed to emit a brilliant light and loud noise upon detonation."   (Doc. 1 at 12 (emphasis in original).)   He alleges that their purpose is to "stun, disorient, and temporarily blind its target, creating a window of time in which police officers can safely enter and secure a potentially dangerous area." (*Id.*)   This Court finds that these allegations sufficiently to state a claim of actual innocence by use of an affirmative defense.

**IV.   Petitioner's Unobstructed Procedural Shot Claim**

Petitioner does not allege that the legal basis of his claim did not arise until after he had exhausted his direct appeal and § 2255 motion.  Petitioner instead states that he did not discover the legal basis of that claim until he reviewed his case in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013).   But Petitioner does not allege that *Descamps* changed the law in any way relevant to his claim.   Rather, he asserts that

*Descamps* focused on the elements of a criminal statute, thus causing him to consider for the first time whether the government had proven all of the elements of the statute in his case.   Petitioner cites a number of additional cases for the proposition that the government must prove every element of a crime at trial and for the proposition that evidence showing that something is an "explosive device" does not, of itself, show that it was "designed or redesigned for use as a weapon."   With few exceptions, however, the cases upon which Petitioner relies existed well before he went to trial and were available before February 2010 when he filed his first § 2255 motion.   Thus, Petitioner has not shown, nor can he show, that the basis for his actual innocence claim did not exist until after he had exhausted his direct appeal and first § 2255 motion.[1]

Because Petitioner has failed to show that a remedy under § 2255 is inadequate or ineffective, the Petition and this action will be summarily dismissed for lack of jurisdiction.  *See* 28 U.S.C. § 2255(a); *Tripati*, 843 F.2d at 1163.

**IT IS ORDERED:**

(1)   Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

(2)   The Clerk of Court must **enter judgment accordingly and close this case**.

(3)   Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence.  *See Porter v. Adams*, 244 F.3d 1006 (9th. 2001).  Pursuant to Rule 11(a) of the

---

[1] Petitioner's claim of ineffective assistance of counsel rests on allegations that neither his trial nor his appellate counsel objected that the government failed to prove a necessary element of his convictions.  As noted above, it was not the Government's burden to prove whether the NFDDs were designed for use as a weapon.  To the extent that Petitioner alleges ineffective assistance of counsel to show that he lacked an unobstructed procedural shot to pursue his actual innocence claim, counsel's alleged errors at trial and direct appeal do not show that §  2255 is an inadequate remedy.  Even where a petitioner retains counsel when filing a § 2255 motion, an ineffective assistance claim based on counsel's alleged failure to raise an actual innocence claim at that juncture does not satisfy the narrow savings clause of § 2255(e).  *See Abdullah v. Hedrick*, 392 F.3d 957, 963-64 (8th Cir. 2004) (finding that failure of retained counsel to raise an actual innocence claim in Petitioner's § 2255 motion did not show that Petitioner was denied an adequate procedure for presenting that claim).

Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.   *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 24th day of June, 2015.

_____
Honorable Rosemary Marquez
United States District Judge